RHODE ISLAND HOSPITAL TRUST
NATIONAL BANK

v.

McKEE BROTHERS OIL CORP. et al.

No. 93–601–Appeal.

Supreme Court of Rhode Island.

Oct. 17, 1994.

Jerry Elmer.

Stacy Ferrara, Al Thibodeau.

## ORDER

This case came before the Supreme Court for oral argument on October 4, 1994, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendants, McKee Bros. Oil Corp. (McKee Oil), Helen Willa McKee, Daniel J. McKee, and James C. McKee, appeal the Superior Court order that granted in part, pursuant to Super.R.Civ.P. 56, the motion for summary judgment of the plaintiff, Rhode Island Hospital Trust National Bank (bank). After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel for the parties, we are of the opinion that cause has not been shown, and the appeal will be summarily decided.

McKee Oil applied to the bank for a secured term loan in the amount of $450,000 and a secured seasonal line of credit in the amount of $200,000. On October 17, 1991, the parties executed a commitment letter drafted by counsel for the bank. A closing of the loans commenced on December 19, 1991, but was not completed. The commitment letter provided, in part, that the "Borrower shall pay all costs and expenses incidental to the Loan, *whether or not the loan is consummated, including legal fees incurred by the lender."* (Emphasis added.) The defendants claimed that the loans were not consummated because the bank imposed terms and conditions upon the loans that were absent from the commitment letter and that were not agreed to by the borrowers.

In May 1993 the bank filed a motion for summary judgment seeking from defendants a payment of $7,039.18 for costs and attorneys' fees in respect to the loans, and a payment of $1,890.66 in respect to the pending action. The defendants objected and alleged that several issues of material fact remained in dispute, and therefore the motion should be denied. The trial justice granted the bank's motion as to costs and attorneys' fees in respect to the loans, but denied its request for costs and fees in the pending action.

In reviewing an appeal of the granting of a motion for summary judgment, this court applies the same standards as those applied by the trial justice. *R.I. Hospital Trust Nat'l Bank v. Dudley Service,* 605 A.2d 1325, 1328 (R.I.1992). In the instant case, we concur with the conclusion of the trial justice that the signed agreement between the parties was clear and unambiguous. The rule of *contra proferentum* (i.e., agreements are to be construed against the drafting party) cited by plaintiffs may be invoked to aid in the interpretation of ambiguous agreements, and thus is not applicable in the instant case where the terms are clear and unambiguous.

The defendants' argument that "several prior oral agreements and understandings with the Bank" were inconsistent with the written agreement is barred by the parole evidence rule. *Dudzik v. Leesona Corp.,* 473 A.2d 762 (R.I.1984).

Because no material facts were in dispute and because the defendants have presented no evidence to support their allegations that the plaintiff prevented the loan from closing (though it appears such an argument is raised here for the first time on appeal and hence not properly before this court), the trial court properly granted the plaintiff's motion for summary judgment. In addition,

**512**

the defendants admitted each genuine issue of material fact.

Therefore, we affirm the judgment and return the papers in the case to the Superior Court.